UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 99¢ ONLY STORES,<br><br>           Plaintiff,<br><br>      v.<br><br>99 CENT FAMILY SAVINGS, et al.,<br><br>           Defendants.<br>                                                        / | CASE NO.   1:10-cv-1319-LJO-MJS<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S MOTION AND AMENDED MOTION FOR DEFAULT JUDGMENT BE GRANTED<br><br>(ECF Nos. 16 & 21)<br><br>OBJECTIONS DUE APRIL 20, 2011 |

On December 10, 2010, Plaintiff 99¢ Only Stores filed the instant Motion for Default Judgment against Defendants 99 Family Savings and Tuan Ngo.  The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  The undersigned conducted a telephonic hearing on the Motion on January 28, 2011.  Boris Zelkind appeared telephonically on behalf of Plaintiff; Defendants did not appear.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On July 22, 2010. Plaintiff 99¢ Only Stores filed a complaint for false designation of origin, trademark infringement, trademark dilution and unfair competition against Defendant 99 Cent Family Savings.  On September 28, 2010, Plaintiff filed an amended complaint that also named Defendant Tuan Ngo.

According to the complaint, 99¢ Only Stores is publicly traded company that, together with its wholly-owned subsidiaries, owns and operates over two hundred deep-discount retail stores.  Plaintiff owns numerous United States Patent and Trademark registrations, including "ONLY 99 ONLY", "99¢ ONLY STORES", "DRIVER CARRIES 99¢ ONLY", and others.  The

common and essential component of Plaintiff's family of 99¢ marks is the numeral "99", which is the central and featured component of every mark. Plaintiff's advertising and merchandising heavily utilizes its family of 99¢ marks; it appears on the company's shopping carts, bags, baskets, receipts, and fleet of trucks and vans, among other things.

Defendants own and operate a deep-discount store in Fresno, California named 99 Cent Family Savings.  The main store sign displays the phrase "99¢ Plus Family Saving" in large, block font.  The phrase "99¢ Plus Family Saving" also appears in large, block font on the monument in front of the shopping plaza.

On or about March 12, 2009, Plaintiff sent Defendants a letter notifying them of Plaintiff's family of trademarks and demanding the Defendants stop infringing on the marks. Defendants did not respond.  Plaintiff has continued efforts to communicate with Defendants, but Defendants have continued their offending practices.

99 Cent Family Savings was personally served with the Summons and Complaint on August 2, 2010.  The Amended Complaint was served on 99 Cent Family Savings by United States mail on October 8, 2010.  Tuan Ngo was personally served with the Summons and First Amended Complaint on October 4, 2010.  (Decl. of Boris Zelkind (ECF No. 17) ¶¶ 3-5.)

On November 10, 2010, pursuant to Plaintiff's request, the Clerk of the Court entered default as to Defendants 99 Cent Family Savings and Tuan Ngo.  (ECF Nos. 13 & 14.)

On December 10, 2010, Plaintiff filed the instant Motion for Default Judgment seeking the entry of an order enjoining further infringement on Plaintiff's trademarks, attorney's fees, and costs. (ECF No. 16.)  The Motion for Default Judgment was served on Defendants via United States mail.  (Id.)

The Court held a hearing on the Motion for Default Judgment on January 28, 2011. The Court questioned some of the language in the proposed order, including the scope of relief sought in the injunctive portion of the order, and directed Plaintiff to file an amended proposed order.  Defendants did not appear at or otherwise participate in the Court's hearing.

On February 11, 2011, Plaintiff filed an Amended Motion for Default Judgment along with an amended proposed order.  (ECF No. 21.)  The Amended Motion was served on

Defendants via United States mail the same day.

Defendants have not responded to the Amended Motion.

## II.  LEGAL STANDARD

Plaintiff moves for entry of default judgment by the Court. Federal Rule of Civil Procedure 55(b) governs default judgment and, in relevant part, provides:

> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

## III.  FINDINGS OF FACT

Taking the well-pleaded allegations in the Amended Complaint as true, the Court finds the following:

1.  This Court has personal jurisdiction over Plaintiff 99¢ Only Stores and Defendants 99 Cent Family Saving and Tuan Ngo. The Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121, 28 U.S.C. §§ 1331 and 1338, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367. All Defendants reside within this judicial district and a substantial part of the events and omissions giving rise to the claims herein occurred within this judicial district and, therefore, venue properly lies in this district under 28 U.S.C. § 1391(b).

2.  Plaintiff is the owner of several valid and enforceable federal service mark registrations

for its marks, including: Reg. No. 1,395,427 issued in 1986; No. 1,455,937 issued in 1987; Nos. 1,712,553 and 1,730,121 and 1,741,928 issued in 1992; No. 1,747,549 issued in 1993; Nos. 1,947,809 and 1,959,640 issued in 1996; No. 2,401,900 issued in 2000; No. 2,761,939 issued in 2003; and Nos. 3,132,449 and 3,132,450 and 3,144,871 issued in 2006. The following registrations have become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and are conclusive evidence of Plaintiff's exclusive right to use these marks: Reg. Nos. 1,712,553; 1,730,121; 1,741,928; 1,747,549; 1,947,809; 1,959,640; 2,401,900, and 2,761,939. Plaintiff is the owner of several valid and enforceable California state registrations for its marks, including: Reg. Nos. 23,078 and 23,958 registered in 1985; No. 40,745 registered in 1992; and No. 42,970 registered in 1994. Plaintiff has developed a protectable family of marks that it uses extensively throughout its business and which emphasizes the common "99" element of its family of marks in slogans, promotions, and advertising. In addition, Plaintiff has a valid, protectable interest in its distinctive trade dress, trade name and common-law service marks.

3. Defendant Tuan Ngo operates a discount store 2464 N. Marks Avenue, Fresno California under the name "99 Cent Family Saving."

4. Defendants have willfully infringed the 99¢ Marks in violation of 15 U.S.C. § 1114 *et seq*.

5. Defendants have violated provisions of 15 U.S.C. § 1125(a) by competing unfairly with Plaintiff by using a false designation of origin, false description or representation.

6. Defendants have acted with willful intent to trade on Plaintiff's reputation and to dilute the Plaintiff's marks in violation of 15 U.S.C. § 1125(c) *et seq*.

7. Defendants have infringed Plaintiff's rights in and to its common law trademarks and service marks.

8. Defendants have competed unfairly with Plaintiff under the common law of the State of California.

9. Defendants have willfully infringed Plaintiff's marks registered in the state of California in violation of California Business & Professional Code § 14245.

10.     Defendants have violated California Business & Professional Code § 14247 by seeking to injure Plaintiff's business reputation and to dilute the distinctive quality of Plaintiff's marks registered in the State of California.

11.     Defendants have competed unfairly with Plaintiff in violation of California Business & Professional Code § 17200, and Defendants' actions in so doing were willful and done knowingly.

### III.     ANALYSIS

Defendant 99 Cent Family Savings was served personally with the Summons and Complaint on August 2, 2010. Defendant Tuan Ngo was personally served with the Summons and Amended Complaint on October 4, 2010. Neither Defendants is an infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. These initial hurdles having been cleared, the Court has discretion to enter default judgment. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). The possibility of prejudice to the Plaintiff, the merits of Plaintiff's substantive claim, the sufficiency of the allegations contained in the Amended Complaint, and the sum of money at stake in the action weigh in favor of Plaintiff. As Defendants are in default, they have not presented any argument or evidence demonstrating the possibility of a dispute concerning material facts or the possibility of any defense. Defendants also have not presented any argument or evidence that the entry of default was due to any excusable neglect. Accordingly, these factors also favor Plaintiff.

Having accepted the well pleaded allegations of the Amended Complaint as true, the Court finds that Plaintiff is entitled to entry of judgment in its favor and will so recommend.

**B.     Remedies Sought**

      1.     Injunctive Relief

Plaintiff requests that the Court issue an injunction to halt Defendants' infringement on its trademarks. Under the Lanham Act and California law, injunctive relief is available to prevent future trademark infringement and to enjoin use of trade dress. See 15 U.S.C. § 1116(a) (court has power to grant injunctions to prevent violation of any right of the registrant of a registered mark); Cal. Bus. & Prof. Code §§ 14330, 14340, 17200 et seq.. Indeed, injunctive relief is the preferred remedy for trademark violations. See Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1180-81 (9th Cir. 1988) ("Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement."). Accordingly, the Court will recommend that Plaintiff be awarded injunctive relief in this case.

      2.     Attorney's Fees

Plaintiff also asks the Court to award attorneys' fees. The Lanham Act allows for the award of attorneys' fees in "exceptional cases." 15 U.S.C. § 1117(a). "Exceptional cases includes cases in which the infringing party acted maliciously, fraudulently, deliberately, or willfully. Lahoti v. Vericheck, Inc., __ F.3d __, 2011 WL 540541, *6 (9th Cir. Feb. 16, 2011).

The Amended Complaint repeatedly alleges that Defendants "willfully and maliciously" violated Plaintiff's marks. See, e.g., Am. Compl. ¶ 25. Because Defendants have defaulted, the Court must take all well-pled allegations regarding liability as true. See Fair Hous. Of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Thus, the Court finds that Defendants willfully and maliciously infringed on Plaintiff's marks. Based on this finding, Plaintiff is entitled to recover reasonable attorneys' fees. See 15 U.S.C. § 1117(a); Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008) (allegation in complaint that infringement was willful was sufficient to warrant the award of attorneys' fees following defendant's default); Rio Properties, Inc. V. Rio Intern. Interlink, 284 F.3d 1007, 1023 (9th Cir. 2002) (same). The Court will recommend that Plaintiff be allowed time to file a declaration regarding its attorneys' fees.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the Court RECOMMENDS the following:

1. Plaintiff's Motion and Amended Motion for Default Judgment be GRANTED;

2. Defendants and their officers, agents, and employees and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, be permanently enjoined and restrained from:

   A. Using, copying, simulating, or in any other way infringing Plaintiff's family of federally registered, state registered, and common law service marks, trade names, and trade dress, including, but not limited to, Federal Registration Nos. 1,959,640; 2,401,900; 1,947,809; 1,747,549; 1,741,928; 1,730,121; 1,712,553; 1,455,937; 1,395,427; 2,761,939; 3,132,449; 3,132,450; and 3,144,871; and California State Registration Nos. 23,078; 23,958; 40,745; and 42,970;

   B. Displaying any signage or other business identifiers, including, but not limited to, building signs, directional signs, monument signs, computer templates, banners, advertising media, menus, business cards, and brochures containing prominently featured characters "99", "99¢", "$.99", or "$0.99" or any characters confusingly similar thereto as the name or part of the name of Defendants' business or corporation;

   C. Using "99", "99¢", "$.99", or "$0.99", or any mark confusingly similar thereto, as the name or part of the name of Defendants' business or corporation, and displaying any references to "99", "99¢", "$.99", or "$0.99", or any mark confusingly similar thereto, in or in connection with Defendants' business or corporate name;

   D. Using the "¢" symbol to refer to "cent(s)" or "Cent(s)" as part of the name of Defendants' business or on any signage as part of the name or identifier of Defendants' business;

   E. Using the numeral "99" as a feature of any business or corporate name

|     |     |     |
| --- | --- | --- |
|     |     | for retail store services; |
|     | F.  | Use the numeral "99" as a feature of any business identifiers for retail store services, including, but not limited to, building signs, directional signs, monument signs, computer templates, banners, advertising media, menus, business cards, and brochures; |
|     | G.  | Using any of the marks from Plaintiff's family of federally registered and common law service marks, Plaintiff's trade names, and Plaintiff's trade dress or anything confusingly similar in the operation of Defendants' business including on the signage, storefront façade, interior décor, shopping carts, bags, baskets, merchandise stickers, cash register receipts, employee aprons, shirts, and name tags, vehicles, letterhead, purchase orders, company brochures and business cards, website, and advertising, and in connection with any other business identifiers, such as building signs, directional signs, monument signs, computer templates, banners, advertising media, and menus; |
|     | H.  | Using purple, pink and/or blue color hues for the mark and name of Defendants' business wherever that business mark and/or name is used by Defendants, including use of the business mark and/or name on the items and places described in (G) above; |
|     | I.  | Referring to "99¢ store(s)" or "99¢ Store(s)" as if they were generic terms applicable to a category of deep discount or other retail stores; and |
|     | J.  | Using, copying, simulating, or otherwise mimicking Plaintiff's trade dress. |
| 3.  |     | Plaintiff be awarded reasonable attorneys' fees and costs.  Plaintiff shall be ordered to file a declaration setting forth its costs and fees within fourteen (14) days of the entry of the order granting the motion for default judgment; |
| 4.  |     | Plaintiff be ordered to personally serve a copy of the judgment on Defendants within ten (10) days of entry of judgment and file a notice of service with the Court. |

**Plaintiff is hereby ORDERED to <u>personally</u> serve a copy of this Findings and Recommendation on Defendants.** These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 22, 2011              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE