# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 99¢ ONLY STORES, | CASE No.    1:10-cv-1319-LJO-MJS |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATION AND GRANTING PLAINTIFF'S MOTION AND AMENDED MOTION FOR DEFAULT JUDGMENT |
| v. | |
| 99 CENT FAMILY SAVING, et al., | (ECF Nos. 16, 21 & 23) |
| Defendant. | |
| _____/ | PLAINTIFF'S DECLARATION OF FEES AND COSTS DUE WITHIN FOURTEEN DAYS |

Plaintiff 99¢ Only Stores filed a Motion for Default Judgment that was referred to the Magistrate Judge for the preparation of findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge issued his Findings and Recommendation on March 22, 2011. It was served on all parties (and personally served on Defendants) and stated that any objections were to be filed no later than April 20, 2011.  (ECF No. 23.)

To date, neither party has filed objections to the Findings and Recommendation.  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 305, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed March 22, 2011, is adopted in full;

2. Plaintiff's Motion for Default Judgment is GRANTED;

3. Defendants and their officers, agents, and employees and upon those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, be permanently enjoined and restrained from:

   A. Using, copying, simulating, or in any other way infringing 99¢'s family of federally registered, state registered, and common law service marks, trade names, and trade dress, including, but not limited to, Federal Registration Nos. 1,959,640; 2,401,900; 1,947,809; 1,747,549; 1,741,928; 1,730,121; 1,712,553; 1,455,937; 1,395,427; 2,761,939; 3,132,449; 3,132,450; and 3,144,871; and California State Registration Nos. 23,078; 23,958; 40,745; and 42,970;

   B. Displaying any signage or other business identifiers, including, but not limited to, building signs, directional signs, monument signs, computer templates, banners, advertising media, menus, business cards, and brochures containing prominently featured characters "99", "99¢", "$.99", or "$0.99" or any characters confusingly similar thereto as the name or part of the name of Defendants' business or corporation;

   C. Using "99", "99¢", "$.99", or "$0.99", or any mark confusingly similar thereto, as the name or part of the name of Defendants' business or corporation, and displaying any references to "99", "99¢", "$.99", or "$0.99",

or any mark confusingly similar thereto, in or in connection with Defendants' business or corporate name;

D. Using the "¢" symbol to refer to "cent(s)" or "Cent(s)" as part of the name of Defendants' business or on any signage as part of the name or identifier of Defendants' business;

E. Using the numeral "99" as a feature of any business or corporate name for retail store services;

F. Use the numeral "99" as a feature of any business identifiers for retail store services, including, but not limited to, building signs, directional signs, monument signs, computer templates, banners, advertising media, menus, business cards, and brochures;

G. Using any of the marks from Plaintiff's family of federally registered and common law service marks, Plaintiff's trade names, and Plaintiff's trade dress or anything confusingly similar in the operation of Defendants' business including on the signage, storefront façade, interior décor, shopping carts, bags, baskets, merchandise stickers, cash register receipts, employee aprons, shirts, and name tags, vehicles, letterhead, purchase orders, company brochures and business cards, website, and advertising, and in connection with any other business identifiers, such as building signs, directional signs, monument signs, computer templates, banners, advertising media, and menus;

H. Using purple, pink and/or blue color hues for the mark and name of

-3-

Defendants' business wherever that business mark and/or name is used by Defendants, including use of the business mark and/or name on the items and places described in 3.G;

I. Referring to "99¢ store(s)" or "99¢ Store(s)" as if they were generic terms applicable to a category of deep discount or other retail stores; and

J. Using, copying, simulating, or otherwise mimicking Plaintiff's trade dress.

4. The terms in paragraph 3 shall remain in force in perpetuity;

5. This Court retains jurisdiction over this matter for the purpose of making any further orders necessary or proper for the construction of this Judgment, the enforcement thereof, and the punishment of any violations thereof.

6. The present case being exceptional, Plaintiff is entitled to its reasonable attorneys' fees and costs. Within fourteen (14) days, Plaintiff shall file with this Court a declaration of its costs and fees incurred as a result of this litigation.

7. Plaintiff shall promptly personally serve a copy of this Order on Defendants, and Plaintiff shall file with the Court a proof of service thereof within ten (10) days thereafter.

IT IS SO ORDERED.

Dated:   April 22, 2011                     /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE