UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 99¢ ONLY STORES, | CASE NO.   1:10-cv-1319-LJO-MJS |
| Plaintiff, | ORDER GRANTING, BUT REDUCING, 99¢ ONLY STORES' FEE REQUEST |
| v. | (ECF No. 29) |
| 99 CENT FAMILY SAVINGS, et al., | |
| Defendants. | |
| _____ / | |

## I.    INTRODUCTION

This matter is before the Court for review of Plaintiff's implicit request for an award of fees and costs incurred in this action. Plaintiff has filed a "Declaration of [Attorney] Boris Zelkind in Support of Plaintiff's Attorneys' Fees and Costs Pursuant to the Court's April 25, 2011 Order Adopting Findings and Recommendation" with supporting exhibits. (Zelkind Decl., ECF No. 29.) Although not supported by a motion and memorandum of points and authorities explicitly requesting an award of the attorney fees listed, the declaration was filed in response to the Court's award of attorney fees and costs and its direction to file a declaration of fees and costs. Accordingly, the declaration will be treated as a request for award of fees.

## II.    FACTUAL SUMMARY

On July 22, 2010, Plaintiff 99¢ Only Stores filed a Complaint for false designation of origin, trademark infringement, trademark dilution and unfair competition against Defendant 99 Cent Family Savings.  On September 28, 2010, Plaintiff filed an Amended Complaint that

-1-

appears to be virtually identical to the original Complaint but adds individually named Defendant Tuan Ngo as owner of 99 Cent Family Savings.

According to the Complaint, 99¢ Only Stores is a publicly traded company that, together with its wholly-owned subsidiaries, owns and operates over two hundred deep-discount retail stores. Plaintiff owns numerous Federal Trademark Registrations, including "ONLY 99 ONLY", "99¢ ONLY STORES", "DRIVER CARRIES 99¢ ONLY", and others. The common and essential component of Plaintiff's family of 99¢ marks is the numeral "99", a central and featured component of every mark. Plaintiff's advertising and merchandising heavily utilizes its family of 99¢ marks; it appears on the company's shopping carts, bags, baskets, receipts, and fleet of trucks and vans, among other things. Plaintiff also owns several California State Trademark Registrations for substantially similar marks.

Defendants own and operate a deep-discount store in Fresno, California, named 99 Cent Family Savings. The main store sign displays the phrase "99¢ Plus Family Saving" in large, block font. The phrase "99¢ Plus Family Saving" also appears in large, block font on the monument in front of the shopping plaza.

After the Amended Complaint was served and went un-answered, the Clerk of the Court was asked to and did enter default as to both Defendants. (ECF Nos. 13 & 14.)

On December 10, 2010, Plaintiff filed its Motion for Default Judgment seeking injunctive and other relief and attorney's fees and costs. (ECF No. 16.) The Court held a hearing on the Motion on January 28, 2011, questioned language in the proposed order and the scope of injunctive relief sought, and directed Plaintiff to file an amended proposed order. Defendants did not appear at or otherwise participate in the Court's hearing.

On February 11, 2011, Plaintiff filed an Amended Motion for Default Judgment along with an amended proposed order. (ECF No. 21.) On March 23, 2011, this Court issued findings and a recommendation that Plaintiff's motion be granted. (ECF No. 23.) The recommendation was adopted by the District Court on April 25, 2011; the Court found that the case was exceptional and that Plaintiff therefore was entitled to recover its reasonable

attorney fees and costs.  (ECF No. 26.)  The Court's Order to that effect was properly served on Defendants. (ECF No 27.)  Plaintiff thereupon filed its Bill of Costs and Declaration of Counsel in support of fees and costs incurred.  (ECF Nos. 28 & 29.)

### III.    AUTHORITY FOR AWARDING ATTORNEY FEES

The Lanham Act allows for the award of attorneys' fees in "exceptional cases."  15 U.S.C. § 1117(a).  "Exceptional cases include those in which the infringing party acted maliciously, fraudulently, deliberately, or willfully. Lahoti v. Vericheck, Inc., 636 F.3d 501, 510 (9th Cir. 2011). The Amended Complaint in this case repeatedly alleged that Defendants "willfully and maliciously" violated Plaintiff's marks.  Defendants having defaulted, the Court takes all well-pled allegations regarding liability as true. See Fair Hous. Of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Based thereon, the Court found that Defendants did willfully and maliciously infringe on Plaintiff's marks. Given that finding, Plaintiff is entitled to recover reasonable attorneys' fees.  See 15 U.S.C. § 1117(a); Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008) (allegation in complaint that infringement was willful was sufficient to warrant the award of attorneys' fees following defendant's default); Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1023 (9th Cir. 2002) (same).

### IV.    EVALUATION OF CLAIMED FEES

#### A.    Legal  Criteria

Courts use the lodestar approach set forth in Hensley v. Eckerhart, 461 U.S.  424, 433 (1983), to calculate an award of reasonable attorney fees. See also Nadarajah v. Holder, 569 F.3d 906, 910 (9th Cir. 2009). This approach directs the Court to multiply the hours reasonably spent on litigation by a reasonable hourly rate. In determining the "lodestar" figure, courts are to consider the following factors:  1) the time and labor required; 2) the novelty and difficulty of the issues;  3) the skill required to perform the legal service properly;  4) the extent to which the attorney's work on the case precluded other legal employment;  5) the customary fee for such services; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience,

1  reputation and ability of the attorneys; 10) the undesireability of the case;  11) the nature and
2  length of the professional relationship between the lawyer and the client; and,  12) awards in
3  similar cases.  <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F. 2d 67, 70 (9th Cir. 1975); <u>Ballen v. City
4  of Redmond</u>, 466 F.3d 736, 746 (9th Cir. 2006).

5   There is a strong presumption that the lodestar fee is reasonable, but the court may
6  adjust it upward or downward as necessary to determine a reasonable fee.  <u>Blum v. Stenson</u>,
7  465 U.S. 886, 897 (1984); <u>City of Burlington v. Dague</u>, 505 U.S. 557, 559 (1992). The moving
8  party has the burden of producing sufficient evidence to show that his or her hourly rates are
9  reasonable.  <u>Blum</u>, 465 US at 896.

10  **B.  <u>Analysis</u>**

11  Plaintiff requests an award of $19,185 in attorney fees and $338.63 in costs related to
12  this litigation. Plaintiff attaches in support copies of the attorney billing statements for services
13  performed in the case and a declaration from one of the attorneys roughly allocating the work
14  to various categories of services performed in various time periods.

15  The Court has considered all of the twelve factors listed above but finds that other than
16  hourly rate, time spent, and awards in similar cases,  none  have  any significant effect not
17  balanced out by another factor.  The Court's consideration of time and rates here and in other
18  cases alone warrants a fee reduction and the net award provided here.

19  1.  <u>Hourly Rates</u>

20  The billings on file reflect that some six different attorneys, with billing rates of $285,
21  $295, $295, $335, $460 and $470 per hour, respectively, and two paralegals, one billing at
22  $200 and the other at $235 per hour, worked on this case. While the Court appreciates that
23  some cases present a range of issues which call for an equally wide spectrum of attorney skill
24  and experience, there is nothing about this case that seems to do so.  Trademark law may be
25  specialized, but Plaintiff's firm apparently has the requisite expertise in this field.  There is no
26  reason given nor found for having six different attorneys working on this uncontested case, a
27  case which the Court notes is similar to others litigated for this Plaintiff by this law firm. <u>See

-4-

e.g., <u>99¢ Only Stores v. 99¢ Store</u>, CV-09-0440 CBM, ECF No. 36 (C.D. Cal., Oct. 9, 2009). Certainly, having such a large number of attorneys required a duplication of time which in fairness should not be allocated to Defendants.

Moreover, there is nothing about this trademark case that would require an especially experienced intellectual property attorney to pursue it. Once the rather routine trademark violation causes of action were identified and the Complaint drafted, the case focused almost exclusively on the relatively simple procedural issues involved in any default case.

Further along these lines, while the Court appreciates that costs of practicing law, and hence legal fees, can be significantly higher in Southern California where Plaintiff's firm is located than in the Central Valley of California, there is nothing about this case which necessitated out-of-town counsel. Plaintiff may have an ongoing relationship with this firm or prefer it for other reasons, but that is not a reason to charge Defendants with the added costs of such distant counsel. The Court is aware of qualified and experienced trademark litigators in the Central Valley who charge no more than $350 per hour for such work. Attorneys in Plaintiff's law firm charging less than that worked on this case. The Court cannot justify an award of the higher, $460 and $470 rates, sought to be charged here.

Accordingly, the Court finds that $350 per hour is a generous but reasonable rate for the legal services performed in this case and uses that figure as the lodestar rate.

2.     Time Spent

It would require detailed analysis to determine exactly who within Plaintiff's law firm provided what services at what times and at what rates. Plaintiff provided no such breakdown. Accordingly, the Court will limit its further analysis to trying to determine the difference between fees charged for various categories of legal services and, if different, how much time should have been charged at the rate of $350 per hour for such services.

For example, counsel's supporting declaration reflects that attorneys spent $2,670.50 drafting the initial Complaint (Decl., ¶ 4.) and another $2,676.50 preparing and filing an Amended Complaint to add an individually named Defendant. (Decl., ¶¶ 5-6.) Generally, it

should take less than five hours to draft a complaint. See, e.g., Jankey v. Beach Hut, 05-3856 2006 WL 4569361, *4 (C.D. Cal. Dec. 19, 2006); Wallace v. Lending, Inc., 05-560, 2006 U.S. Dist. LEXIS 88582, *8 (C.D. Cal. Nov. 30, 2006). The Amended Complaint which did nothing more than add an individual defendant should not have involved more than two hours of attorney time. Thus the Court will award $2450 (7 hours at $350 per hour) for preparation and filing of the pleadings in this case. This generates a $2,897 reduction in the fees sought.

Also, the Court finds that the $9,037 in attorney fees requested for services involved in seeking default judgement are not reasonable. (Decl., ¶¶ 8-10.) Twelve to fifteen hours at $350 per hour, or up to $5,250, is a reasonable fee for the task. See Robinson v. Chand, S-05-1080 DFL, 2007 U.S. Dist. LEXIS 32347, *7 (E.D. Cal. May 2, 2007); Operating Engineers Health & Welfare Trust Fund v. Galleti & Sons, Inc., 98-0897 VRW, 1998 U.S. Dist. Lexis 12270, *6 (N.D. Cal. Aug. 4, 1998). Plaintiff is also entitled to $611 for time spent conducting a status conference with the Court. This necessitates another $3,176 downward adjustment in the fees sought.

Finally, Plaintiff seeks to recover an additional $5,252 in attorney fees to correct errors in papers filed and in the form of the proposed judgement. (Decl., ¶¶ 11-12.) At $350 per hour, that would suggest correcting these errors required some 15 hours of time. That is not reasonable. These were errors the Court on its own identified and pointed out to Plaintiff's counsel. They could have been identified and corrected by careful proofreading and preparation by Plaintiff's counsel in not more than seven hours of attorney time, or $2450. Thus, a further $2,802 adjustment is in order.

For the foregoing reasons, the Court concludes that a reduction in the fees sought in the total amount of $8,875, leaving a net fee award of $10,310. The Court finds the latter sum to be a reasonable fee for all services rendered by Plaintiff's counsel in this case. Plaintiff has also requested an award of $338.63 in costs related to the litigation. The request for costs is reasonable, and shall be awarded in full.

////

**V.     ORDER**

      For the above reasons, the Court awards the Plaintiff $10,310 in attorney fees. Additionally, the Court awards Plaintiff $338.63 in costs and expenses. In total, the Court awards Plaintiff $10,648.63.

IT IS SO ORDERED.

Dated:   June 28, 2011        /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE